NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE CHANG, | No. 21-15293 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-07068-JSW |
| v. | |
| EZERY BEAUCHAMP, Captain and Commander for California Highway Patrol; TODD CARDEN, Officer for California Highway Patrol; CALIFORNIA HIGHWAY PATROL, A State Entity; S. MORALES, Sergeant for California Highway Patrol; T. SWARTS, Officer for California Highway Patrol, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 15, 2022[**]

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Christine Chang appeals pro se from the district court's judgment dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her 42 U.S.C. § 1983 action alleging violations of due process and equal protection and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Chang's due process claims because Chang failed to allege facts sufficient to show that she was deprived of a constitutionally protected liberty or property interest, or a statutorily conferred benefit under California law. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (elements of a § 1983 claim for due process); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (allegations of inadequate investigation by law enforcement will not support a § 1983 claim); *Ryan v. Cal. Interscholastic Fed'n.-San Diego Section*, 114 Cal. Rptr. 2d 798, 816 (Ct. App. 2001) (claim for due process under the California Constitution requires that plaintiff "identify a statutorily conferred benefit or interest").

The district court properly dismissed Chang's equal protection claims because Chang failed to allege facts to show that she was treated differently from other similarly situated individuals. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (to state a class-of-one equal protection claim the plaintiff must show that he or she "has been intentionally treated differently from others similarly

21-15293

situated and that there is no rational basis for the difference in treatment"); *Landau v. Superior Court*, 97 Cal. Rptr. 2d 657, 671 (Ct. App. 1998) (equal protection claims under the California Constitution "are substantially equivalent and are analyzed in a similar fashion" as federal equal protection claims).

The district court did not abuse its discretion by dismissing Chang's complaint without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**